**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-03111-REB-KLM

ERZEBETH WOLFE, an individual,

     Plaintiff,

v.

US BANK NATIONAL ASSOCIATION,

     Defendant.

## ORDER RE: MOTION TO DISMISS

**Blackburn**, J.

The matter before me is **Defendants' Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)** [#16][1] filed January 30, 2012.  I grant the motion in part and deny it in part.

### I.  JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II.  STANDARD OF REVIEW

Defendant's motion to dismiss raises issues under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  A motion to dismiss under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint.  ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995).  Because defendant's motion presents a facial attack, I must accept the allegations of the complaint as true.  ***Id***.  Plaintiff bears the burden of establishing that

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

subject matter jurisdiction exists. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994); *Fritz v. Colorado*, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).

In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court's task is to determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). For many years, "courts followed the axiom that dismissal is only appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Noting that this standard "has been questioned, criticized, and explained away long enough," the Supreme Court supplanted it in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). Pursuant to the dictates of *Twombly*, I now review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974). "This pleading requirement serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming*, 656 F.3d at 1215 (citation and internal quotation marks omitted).

As previously, I must accept all well-pleaded factual allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a

cause of action" will not be sufficient to defeat a motion to dismiss.  ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted).  ***See also Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting ***Twombly***, 127 S.Ct. at 1974) (internal citations and footnote omitted).  Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." ***Iqbal***, 129 S.Ct. at 1949.  ***See also Ridge at Red Hawk***, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.") (emphases in original).  For this reason, the complaint must allege facts sufficient to "raise a right to relief above the speculative level."  ***Kansas Penn Gaming***, 656 F.3d at 1214 (quoting ***Twombly***, 127 S.Ct. at 1965).  The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." ***Robbins***, 519 F.3d at 1248.  Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  ***Id.***

The nature and specificity of the allegations required to state a plausible claim will vary based on context and will "require[] the reviewing court to draw on its judicial experience and common sense." ***Iqbal***, 129 S.Ct. at 1950; ***see also Kansas Penn Gaming***, 656 F.3d at 1215.  Nevertheless, the standard remains a liberal one, and "a

1well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  ANALYSIS

Plaintiff was employed for 29 years by defendant, most recently as a teller coordinator.  She maintains that beginning in April 2010 she made numerous (but otherwise unspecified) requests to defendant to accommodate her disability, the nature of which is not plainly disclosed on the record before me.  These requests allegedly were not honored.  In October 2010 plaintiff underwent hip replacement surgery.  When she returned to work on January 31, 2011, defendant allegedly made no accommodations based on her doctor's recommendations for specific job restrictions, and in fact assigned her work contrary to her doctor's orders.  Soon thereafter, plaintiff was terminated for allegedly falsifying bank records, charges which she denies.

Plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission on April 7, 2011.  (***See* Def. Motion App.**, Exh. A.)  The EEOC issued its Notice of Right To Sue on August 31, 2011.  Plaintiff filed this lawsuit on November 29, 2011.  She alleges two claims: (1) failure to provide a reasonable accommodation as required by Title I of the Americans With Disabilities Act, 42 U.S.C. §§ 12111-12117 ("ADA"), and (2) discriminatory termination based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA").

On January 9, 2012, plaintiff filed her First Amended Complaint.  Plaintiff added a number of new factual allegations, as well as three new causes of action under the ADA:

hostile work environment, discriminatory termination, and retaliation. Defendant now seeks to dismiss plaintiffs newly added claims, as well as her claim for discriminatory termination based on age.

In order to bring a claim under the ADA or the ADEA, a plaintiff must exhaust her administrative remedies before the EEOC. ***Shikles v. Sprint/United Management Co.***, 426 F.3d 1304, 1308-09 (10th Cir. 2005). Because exhaustion is a jurisdictional prerequisite to suit under these federal statutes, not merely a condition precedent to suit, ***McBride v. CITGO Petroleum Corp.***, 281 F.3d 1099, 1105 (10th Cir. 2002), the court lacks jurisdiction over unexhausted claims. Nevertheless, a plaintiff may bring claims that are encompassed by the Charge of Discrimination presented to the EEOC and "the scope of the administrative investigation that can reasonably be expected to follow" therefrom. ***MacKenzie v. City and County of Denver***, 414 F.3d 1266, 1274 (10th Cir. 2005).

Although the pleading standards are thus quite liberal, nothing in plaintiff's Charge of Discrimination reasonably can be read to assert a claim of hostile work environment discrimination. The form plaintiff completed includes a listing of check boxes to indicate that the charge is for "discrimination based on" various forms of prohibited conduct. Plaintiff checked the boxes marked "retaliation," "disability," and "age." Moreover, although hostile work environment harassment is a form of discrimination, ***see National Railroad Passenger Corp. v. Morgan***, 536 U.S. 101, 125, 122 S.Ct. 2061, 2078, 153 L.Ed.2d 106 (2002) (O'Connor, J., concurring in part and dissenting in part), and although the form includes no separate box marked "hostile work environment," it does provide a box for alleging "other" types of discrimination, which plaintiff did not check.

Nor did plaintiff check the box indicating that she sought redress for a "continuing action." (**Def. Motion App.**, Exh. A at 1.) "The failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." ***Jones v. United Parcel Services, Inc.***, 502 F.3d 1176, 1186 (10th Cir. 2007) (internal citations omitted).

Nor does "the text of the charge clearly sets forth the basis of [a hostile work environment] claim," such as would rebut the presumption. ***Id.*** To assert a hostile work environment claim, a plaintiff must allege facts indicating a "workplace permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." ***Mitchell v. City and County of Denver***, 112 Fed. Appx. 662, 668 (10th Cir. Oct. 12, 2004) (citation and internal quotation marks omitted). The narrative portion of plaintiff's Charge of Discrimination alleges no such conduct. Plaintiff clearly focused on her allegations that she was denied reasonable accommodations for her disability and stated her belief that "I have been discriminated against based on a disability" and retaliated against based on age and disability. (**Def. Motion App.**, Exh. A at 1.) Her only reference to anything that might even hint at a hostile work environment claim is a single, vague allusion to "some ageist remarks" that her supervisor allegedly made to her in February, 2010, nearly a year before she was terminated. (***Id.***, Exh. A at 2.) In sum, "[t]his is not a case where [plaintiff] simply neglected to attach a legal label to [her] underlying factual allegations." ***Mitchell***, 112 Fed. Appx. at 667-68. Consequently, she has failed to exhaust her administrative remedies as to a hostile work environment claim, and that claim must be dismissed for lack of federal subject matter jurisdiction.

Regarding the two other new claims added by the amended complaint, plaintiff initiated this lawsuit on November 29, 2011, precisely 90 days after issuance of the notice of right to sue.  *See* 42 U.S.C. § 2000e-5(f)(1).  Her claims for discriminatory discharge and retaliation based on disability were not part of that complaint, but instead were added in the first amended complaint.  Defendant argues that these claims are time-barred.  Plaintiff suggests that they are not because they relate back to conduct alleged in the original complaint.

Amendments to a pleading will be found to relate back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading." **FED. R. CIV. P.** 15(c)(1)(B).  "The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."  **Hernandez v. Valley View Hospital Association**, 2010 WL 5157310 at *2 (D. Colo. Dec. 14, 2010) (citations and internal quotation marks omitted). [2]

Plaintiff's original complaint set forth allegations related primarily to the failure to provide her with reasonable accommodation for her disability from early 2010 through

---

[2] Defendant's reliance on **Simms v. Oklahoma ex rel. Department of Mental Health & Substance Abuse Services**, 165 F.3d 1321 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999), is misplaced.  In that case, the court analyzed under what circumstances an amendment to the EEOC Charge of Discrimination could relate back to the date of the original charge for purposes of the exhaustion requirement.  *Id.* at 1326-27.  In that particular circumstance, the Tenth Circuit follows that line of authority which holds that " an amendment will not relate back when it advances a new theory of recovery, regardless of the facts included in the original complaint."  *Id.* at 1327.  By contrast, plaintiff's Charge of Discrimination clearly alleges both discrimination and retaliation based on disability.  (**Def. Motion App.**, Exh. A.)

her hip replacement surgery and return to work thereafter a year later. The complaint further alleged that the reason given for plaintiff's termination was a pretext for disability discrimination. Although the amended complaint adds more detail to plaintiff's account of the factual basis for her suit, it does not fundamentally change the nature of the underlying events giving rise to her original claims. Accordingly, I find that these claims relate back to the filing of the original complaint and are not time-barred.

Finally, defendant argues that any claim premised on acts occurring more than 300 days prior to the filing of the Charge of Discrimination, or June 8, 2010, including plaintiff's claim of age discrimination, are time-barred. **See** 42 U.S.C. § 2000e-5(e)(1); **Gunnell v. Utah Valley State College**, 152 F.3d 1253, 1260 n.3 (10th Cir. 1998). Plaintiff concedes that any reference in the complaint to acts occurring prior to this deadline are not independently actionable, but instead are provided only as context for her claims based on her termination and defendant's alleged failure to provide reasonable accommodation for her disability. The claim therefore is subject to dismissal on this basis alone.

Moreover, although neither party raises the issue, I note that plaintiff's Charge of Discrimination alleges a claim for discrimination based on disability alone; age is cited as a factor only in connection with her claim of retaliation. (**See Def. Motion App.**, Exh. A at 1.) There is no basis to think that the EEOC would have investigated a claim for age discrimination given these allegations. **See MacKenzie**, 414 F.3d at 1274. Thus, I find and conclude also that plaintiff has failed to exhaust any such claim, depriving the court of subject matter jurisdiction. Consequently, defendant's motion to dismiss plaintiff's Second Claim for Relief will be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6)** [#16] filed January 30, 2012, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That the motion is **GRANTED** with respect to plaintiff's Second and Third Claims for Relief set forth in **Plaintiff's First Amended Complaint** [#8] filed January 9, 2012, and those claims are **DISMISSED WITHOUT PREJUDICE** for lack of federal subject matter jurisdiction; and

   b. That in all other respects, the motion is **DENIED**; and

2. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant US Bank National Association against plaintiff Erzebeth Wolfe as to the Second and Third Claims for Relief set forth in **Plaintiff's First Amended Complaint** [#8] filed January 9, 2012; provided, that the judgment as to these claims shall be without prejudice.

Dated May 8, 2012, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge